# United States District Court
### WESTERN DISTRICT OF MICHIGAN

**UNITED STATES OF AMERICA**
v.
**CHRISTOPHER LEE HAMMOND**

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 1:14-CR-90

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I - Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

   ☐ a crime of violence as defined in 18 U.S.C.§3156(a)(4).
   ☐ an offense for which the maximum sentence is life imprisonment or death.
   ☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____
   ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense

   ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____
   ☐ under 18 U.S.C.§924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

☒ (1) There is a serious risk that the defendant will not appear.
☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant, at 49, has at best an unstable situation. He is essentially homeless, except for a family he has moved in with last month, which he assists because the husband has back problems, in return for room and board. It is difficult to understand how defendant accomplishes this since he had difficulty standing at the arraignment; in any event, he does not have transportation to return to Grand Rapids for court appearances from this location. This job provides no income.

Little is known about defendant's own family, and on this point he has not been forthcoming. (continued on attachment)

### Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by a preponderance of the evidence that

no condition or combination of conditions will assure the presence of the defendant for future court proceedings in light of defendant's continuous history of failing to properly manage his behavior while on parole and probation, his failures to previously register as required, and his failure to appear.

### Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: June 9, 2014

/s/ Hugh W. Brenneman, Jr.
*Signature of Judicial Officer*

Hugh W. Brenneman, United States Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.* ); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.* ); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

Case 1:14-cr-00090-JTN ECF No. 10 filed 06/11/14 PageID.17 Page 2 of 2

United States v. **CHRISTOPHER LEE HAMMOND**
1:14-CR-90
**ORDER OF DETENTION PENDING TRIAL**
Page 2.

**Alternate Findings (B)** - (continued)

Defendant does have a history of not meeting his obligations to the courts or other agencies to whom he has been responsible. In 1986 he was given a General Discharge rather than an Honorable Discharge from the Army for being AWOL.

In 1988 defendant had probation revoked on two separate charges in two separate courts, and was sentenced to prison each time.

Later in 1988 defendant was charged with escape-walk away following another conviction, although he was apprehended the following day. He was subsequently paroled on this charge on March 25, 1992, but absconded on December 3, 1993.

In 1996 defendant was convicted of attempted aggravated indecent liberties with a child under 14 years of age and incarcerated in Kansas. He was paroled in 1999, but had eight separate parole violations.

In 2006 defendant was charged with violation of the Tennessee Sex Offender Registration Act, and an active warrant remains outstanding which carries a no-bond request. Apparently Tennessee has not attempted to extradite defendant previously, but this is probably due more to their financial circumstances than to defendant's credit, since the warrant remains outstanding.

Defendant failed to comply with the Sex Registration Act in Michigan in 2008 and was incarcerated.

There appear to be two separate charges of failing to register as a sex offender in Lansing that are currently pending and defendant was released on bond on each charge, although the government represents he failed to subsequently appear in court on at least one of those charges. The developments in these matters are so recent that the court does not have all of the information.

**Part II - Written Statement of Reasons for Detention** - (continued)